IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YVONNE DENIS ROSARIO

Plaintiff

vs                                                    CIVIL 07-1508CCC

McCONNELL VALDES, SASKIA
ALVARADO and FRANCISCO BRUNO,
ESQ.

Defendants

# O R D E R

This is an action brought under Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. §2000(e) et. seq., and 42 U.S.C. §1981, with supplemental claims asserted under Puerto Rico Constitution's Article II, sections 1, 8 and 16, Law 17, 29 L.P.R.A. §§155, et. seq., Law 80, 29 L.P.R.A. §§185 et. seq., Law 100, 29 L.P.R.A. §§146, et. seq., Law 69, 29 L.P.R.A. §§1321 et.seq., and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§5141 & 5142.  Plaintiff, Ivonne Denis-Rosario, is a former paralegal of defendant McConnell Valdés (McV), a San Juan law firm, who claims that she was sexually harassed and discriminated by her direct supervisor, defendant Saskia Alvarado (Alvarado).  Also named as defendant is Mr. Francisco Bruno, Esq. (Bruno), the head of McV's litigation department, who allegedly embarked in a retaliatory campaign against plaintiff after she filed an internal sexual harassment complaint against Alvarado.

Before the Court now are the Motions to Dismiss Under Fed.R.Civ.P. 12(b)(6) filed by defendants Bruno (**docket entry 14**) and Alvarado (**docket entry 16**), as well as plaintiff's respective oppositions (**docket entries 21 & 22**).  Bruno and Alvarado aver in their almost identical motions that the claims against them under Title VII and Law 80 must be dismissed since there is no individual liability under either statute, and that plaintiff's cause of action under 42 U.S.C. §1981 is not cognizable.  Alvarado also argues that plaintiff is barred from recovering damages under Puerto Rico's general negligence statute, Article 1802, since she has pled claims against her under specific employment statutes, i.e. Laws

CIVIL 07-1508CCC                                     2

17, 80, 100 and 69.  Plaintiff, in turn, alleges in opposition that the individuals would still be

liable under Laws 17, 100 and 69, while admitting that the claim raised under 42 U.S.C.

§1981 was mistakenly included due to oversight.  We address each of these arguments

seriatim.

        It is by now apodictic in this Court that individual defendants are not liable under Title

VII, see e.g. Ramírez-Ortíz v. Cucurella-Rivera, 2006 WL 3791353 (2006); Miró-Martínez

v. Blanco-Vélez Store, Inc., 393 F.Supp.2d 108, 113 (D. Puerto Rico 2005); Rivera-Sánchez

v. Autoridad de Energía Eléctrica, 360 F.Supp.2d 302, 317 (D. Puerto Rico 2005), or Puerto

Rico's Law 80.  Pacheco-Bonilla v. Tooling & Stamping, Inc., 281 F.Supp.2d 336, 339 (D.

Puerto Rico 2003); Mandavilli v. Maldonado, 38 F.Supp.2d 180, 205 (D. Puerto Rico 1999).

Plaintiff has tacitly so conceded.  Accordingly, defendants' requests for dismissal of the

claims brought against them under Title VII and Law 80 are GRANTED.  Similarly, given

plaintiff's recognition that her inclusion in the complaint of a claim under 42 U.S.C. §1981

resulted from oversight, that claim is also DISMISSED.

        Finally, there remains the issue raised by defendant Alvarado of whether plaintiff is

barred from recovering damages against her and Bruno under Article 1802 having also

asked for damages under specific labor laws.  Alvarado relies on Díaz-Medina v. Transporte

Cancel, Inc., 2005 T.S.P.R. 10, which she claims held that when a specific statute regulates

a specific matter, it shall prevail over the general statute.  Díaz-Medina, however, was

disposed of by a judgment without an opinion and, in any event, nowhere in the

accompanying concurrent and dissenting opinions is such a holding established.

        The Supreme Court of Puerto Rico did address the interplay between causes of

actions brought under specific employment statutes and Article 1802 in Santini Rivera v.

Serv. Air, Inc., 137 D.P.R. 1 (1994).  There, the Court noted:

        The many and varied special labor laws in Puerto Rico seek to provide a
        special protection to the workers interests. When seen as a whole, they particularly reflect a basic public policy that provides the worker with different guarantees
        that favor their interests.  This legislation seeks to surpass the general safeguards and

CIVIL 07-1508CCC                                   3

common protection offered to these workers by ordinary civil and penal statutes.  Therefore, they are a source of higher- ranking rights that supplant, insofar as they are concerned, those derived from ordinary legislation.

Id., at p. 5, n. 3 (official translation) (emphasis in original).  Chief Justice Hernández-Denton, in his concurring Opinion, further clarified that "[a]s a general rule, in the face of conduct by an employer that has been typified and penalized by special labor legislation, the employee only has recourse to the relief of said Act, and is barred from seeking additional compensation under Article 1802 of the Civil Code."  Id., at p. 16 (official translation).

Thus, it necessarily follows that, to the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802.  An additional claim under Article 1802 may only be brought by the employee-plaintiff if it is based on tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked.

A review of plaintiff's complaint reveals that the only tortious or negligent conduct imputed to the individual defendants , i.e. sexual harassment, discrimination, retaliation and constructive discharge, is prohibited by the federal and/or local labor statutes in which she based her complaint.  Hence, the additional claim under Article 1802 is untenable and must be DISMISSED.

For the reasons stated, the Motions to Dismiss filed by defendants Bruno (**docket entry 14**) and Alvarado (**docket entry 16**) are hereby GRANTED.  Accordingly, partial judgment will be entered DISMISSING the claims brought under Title VII, 42 U.S.C. §1981, Law 80 and Article 1802 against defendants Bruno and Alvarado.

SO ORDERED.  At San Juan, Puerto Rico, on February 21, 2008.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge