IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YVONNE DENIS ROSARIO

Plaintiff

v.                                                                              CIVIL 07-1508CCC

McCONNELL VALDES, SASKIA
ALVARADO and FRANCISCO BRUNO,
ESQ.

Defendants

## OPINION AND ORDER

On October 8, 2008 defendants filed their Objections to Exhibits Listed by Plaintiff in Proposed Pre-Trial Order (docket entry 83). An order of October 29, 2008 (docket entry 90) reads:

> 2) Plaintiff shall respond by December 3, 2008 to the lack of relevance objection to Exhibits 20 through 38, including item 26 and to the hearsay objection to Exhibits 116, 117, 126, 143, 147, 179 and 185 on grounds that these are statements by third parties not announced as witnesses and to the medical records, Exhibits 247, 248, and 249, unless "authenticated by competent witness that can testify as to their respective contents."

On December 13, 2008, plaintiff filed a motion in compliance (docket entry 91) with the Court's order (docket entry 90), incorrectly titled "Motion in Opposition to Defendants' Motion in Limine," which addresses only the objections to Exhibits 247, 248 and 249. She there states that witnesses from the State Insurance Fund and San Juan Capestrano Hospital will authenticate her medical files and that her treating psychiatrist will testify as to the treatment given during her partial hospitalization at such hospital and the relation between her hospitalization and her psychiatric treatment. She also states, at ¶4, that exhibits 247, 248 and 249 are admissible because the "contents of said medical files reveal plaintiff's state of mind at the time she was suffering the adverse employment action taken by defendants against her that led her to resign." She does not identify the specific

CIVIL 07-1508CCC                           2

exception to the hearsay rule under which she believes her purpose for using the evidence falls.

Defendants replied to plaintiff's motion (docket entry 92). After analyzing her explanation, they conclude, at ¶7, that "[p]laintiff's contention that the medical 'files' are admissible to show her state of mind at the time of the adverse employment action finds no support in the exceptions found in Federal Rule of Evidence 803(1), (2), and (3) of the Federal Rules of Evidence."

Defendants, however, have stopped short in their analysis of the applicable exceptions for admissibility of plaintiff's medical records. Rule 803(4) provides an exception for "Statements for purposes of medical diagnosis or treatment." This exception provides:

> "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Entries relating to patient or family statements told the reporting physician when providing information of the type allowed in Rule 803(4) are a legitimate exception to the hearsay exclusion.

Likewise, Rule 803(6) carves out an exception for "Records of regularly conducted activities:"

> A memorandum, report, record, or data compilation, in any form of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification . . ., unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

CIVIL 07-1508CCC                              3

To be admissible as "business records" under Rule 803(6), the record notations would have to represent either the opinions or diagnoses of the doctors who made them or the diagnoses of some other person with knowledge (such as a medical colleague) who reported to the maker of the record as part of the usual business or professional routine.. Petrocelli v. Gallison, 679 F.2d 286, 289 (1st Cir. 1982).

For the above-stated reasons, defendants' objections to the admission of plaintiff's medical records Exhibits 247, 248 and 249 are OVERRULED.  Plaintiff having failed to address the objections to Exhibits 20 through 38, including item 26 and to the hearsay objection to Exhibits 116, 117, 126, 143, 147, 179 and 185, defendants' objections to those exhibits are SUSTAINED.

SO ORDERED.

At San Juan, Puerto Rico, on March 11, 2009.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge