IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YVONNE DENIS ROSARIO<br>Plaintiff<br>vs<br>McCONNELL VALDES, SASKIA ALVARADO and FRANCISCO BRUNO, ESQ.<br>Defendants | CIVIL 07-1508CCC |

**ORDER**

Defendant McConnell Valdés and Francisco G. Bruno have filed a Motion on March 27, 2009 (docket entry 101) which they have incorrectly entitled Motion in Limine but which in fact is a replica of some of the arguments raised in their untimely Motion for Summary Judgment (Attachment 1 to docket 64) which was rejected by the Court and a motion for reconsideration of such rejection. Defendants raise in Part II(A), "Constructive Discharge," that "plaintiff simply has not established that any act of sexual harassment occurred within a reasonable time of her resignation, thus failing to make a claim for constructive discharge."[1] Part II(A) corresponds to "compelling reason iv" in support of their motion for summary judgment. Part IV(A)/(B): "Retaliation," of the Motion in Limine avers that "[t]here cannot be actionable retaliation when the alleged harasser (Saskia Alvarado) is not the decision-maker (Francisco G. Bruno / Arturo J. Garcia)." Part IV(B) raises as a basis for exclusion of evidence that "[p]laintiff cannot allege that the November 2005 disciplinary suspension was a retaliatory act because it predated any alleged protected activity." These two arguments are the equivalent of "compelling reason v" of the motion for summary judgment.

Part V on "after-acquired evidence" contains a discussion of that doctrine and concludes with the following: "[b]ased on plaintiff's admissions and the evidence on record,

[1] In Part II, "Back Pay," they argue that absent a constructive discharge claim, there is no entitlement to back pay.

defendants would have had legitimate reasons to terminate Denis' employment for the above-mentioned violations to McV's Electronic Communications System Policy," and, therefore, "the doctrine of after-acquired evidence applies to this case." Part V is the equivalent of "compelling reason vi" of the untimely motion for summary judgment.

Part VI(A) & (B) of the in-limine motion entitled "Disallowance of Defendants' Expert Witness" and "Refusal to Accept and Entertain Defendants' Motion for Summary Judgment" are further requests for reconsideration. Defendants have previously filed two motions for reconsideration (docket entries 54 and 64) of the Court's denials (docket entries 50 & 60) to allow an untimely summary judgment motion and two motions for reconsideration (docket entries 54 and 63) of the Court's Orders (docket entries 50 & 51) denying a request for additional substantial extensions until May 6, 2008 (docket entry 46) and June 30, 2008 (docket entry 47) to submit Dr. Costas' expert report that was due since January 2008. Parts VI(A) and (B), improperly included as part of an in-limine motion, are DENIED.

Defendants are admonished that this case is set for trial and that further efforts to circumvent, by filing motions such as this in-limine motion, the Court's denials of their untimely dispositive motion and submission of expert report, will be sanctioned. The Court has made clear what its rulings are on the matter of the untimeliness of the motion for summary judgment and of the submission of defendants' expert report. Future motions mistitled for the purpose of seeking further reconsiderations will be considered as a willful failure to abide by Court orders.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2009.

S/CARMEN CONSUELO CEREZO
United States District Judge